**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DELFINO MORENO #173211,**

        Plaintiff(s),        CASE NUMBER: 07-12582
                                        HONORABLE VICTORIA A. ROBERTS

**v.**

**PEGGY BOURNE, ET AL.,**

        Defendant(s).
_____/

## ORDER DENYING PLAINTIFF'S
## MOTION FOR RECONSIDERATION

On January 29, 2008, the Court granted Defendants Peggy Bourne, Charles Ingram, Kelly Roark, Jim Eaton, Kenneth Romanoksi, James Armstrong, Thomas Blair, Patricia Caruso, Mary Pass, Neidermeyer, and Duncan's (collectively "Defendants") "Motion to Dismiss and Alternate Motion for Summary Judgment." The Court found Plaintiff's due process rights were not violated, and Defendants were entitled to qualified immunity. Plaintiff asks the Court to reconsider its decision because: (1) it did not address his claims for retaliation and interference with access to the courts; and (2) all of the Defendants are not entitled to qualified immunity. (Doc. #30).

Eastern District of Michigan Local Rule 7.1(g)(3) provides for reconsideration if the movant demonstrates a palpable defect by which the Court and the parties have been misled, and further demonstrates that correcting the defect will result in a different disposition of the case. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624

1

(E.D. Mich. 2001). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(g)(3).

To succeed on a retaliation claim, Plaintiff must show: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by his protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (citations omitted).

Assuming filing grievances is protected conduct and the destruction of property is an adverse action, Plaintiff does not sufficiently support his argument that Defendants destroyed his property because he filed grievances. Plaintiff says: (1) Neidermeyer carried out his threat to destroy his property because he filed grievances; (2) Defendants appeared to be upset with him for filing grievances; and (3) Defendants did not have any other authorization, excuse, or cause for destroying his property.

First, Neidermeyer's alleged "threat" was made before Plaintiff started the grievance process, and it was actually a statement to Plaintiff that he had 30 days to sign the disbursement form to send his property home or it would be destroyed. Second, Plaintiff's allegation that Defendants destroyed his property because they were upset fails as conclusory and unsupported. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) ("conclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under §1983'") (citation omitted). Finally, if Defendants were responsible for destroying Plaintiffs property (it is unknown exactly what happened to his property), it did not have to be done to retaliate against

2

Plaintiff for filing grievances; there are a number of reasons why Defendants could have engaged in this conduct.

With regard to Plaintiff's claim for interference with access to the courts, "[i]t is . . . established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). "In order to state a claim for interference with access to the courts, however, a plaintiff must show actual injury." *Harbin-Bey*, 420 F.3d at 578 (citing *Thaddeus-X*, 175 F.3d at 394). Examples include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline. *Harbin-Bey*, 420 F.3d at 578 (citing *Jackson v. Gill*, 92 Fed.Appx. 171, 173 (6th Cir. 2004)).

Plaintiff does not show how Defendants prejudiced his work on an appeal by allegedly destroying his legal property. He simply mentions in a letter to a prison administrator that he needs his legal property for an appeal he was pursuing. This is insufficient to succeed on a claim for interference with access to the courts. *See Martin v. Johnson*, 1996 WL 67921 at *1 (6th Cir. Feb. 15, 1996) ("Without significant evidence that a lawsuit of [plaintiff's] was prejudiced, defendants were entitled to summary judgment on [his interference with access to the courts] claim") (citing *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985)).

The Court **DISMISSES** Plaintiff's claims for retaliation and interference with access to the courts.

The Court **AFFIRMS** the dismissal of Plaintiff's due process claim. Defendants are all entitled to qualified immunity as prison officials and officers. *See Procunier v.*

3

*Navarette*, 434 U.S. 555, 561 (1978) ("We agree with petitioners that as prison officials and officers, they . . . could rely . . . on . . . qualified immunity[.]").

**IT IS ORDERED.**

                                                s/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: March 26, 2008

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Delfino Moreno by electronic means or U.S. Mail on March 26, 2008.

s/Linda Vertriest
Deputy Clerk

---